1  MCGREGOR W. SCOTT
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700

5  Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18−CV−02904−TLN−KJN |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED 501 WEST WALKER LANDING ROAD, WALNUT GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 142-0110-007-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| 2015 CADILLAC XTS SEDAN, VIN: 2G61U5S32F9196425, NO CALIFORNIA LICENSE NUMBER, and | |
| APPROXIMATELY $3,000.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil action *in rem* brought by the United States for forfeiture of real property, $3,000 in cash, and a Cadillac connected to drug activity. The *In Rem* Defendant Real Property, known as 501 West Walker Landing Road, Walnut Grove, California, Sacramento County, APN: 142-0110-007-0000, is more fully described as:

> The land referred to is situated in the unincorporated area of the County of Sacramento, State of California, and is described as follows:

1

All that portion of land lying within the Northwest quarter of Section 8, Township 4 North, Range 4 East, Mount Diablo Base & Meridian, described as follows:

COMMENCING at a point which is distant west 46.079 chains from the point of intersection of the centerline of an East and West drainage canal with the centerline of a main North and South drainage canal, the said point of intersection being at or very nearly at the Northeast corner of the northwest one-fourth of Section 8, Township 4 North, Range 4 East, Mount Diablo Base and Meridian; thence running due West 6.25 chains; thence at right angles, South 40 chains; thence at right angles, East 6.25 chains; thence at right angles, North 40 chains to the POINT OF COMMENCEMENT, being part of that certain tract of land described in the deed executed December 21, 1916 by and between Benjamin Bixler, et al, to George J. Giannini and Domingos Victorino and M. S. Oliveriera, recorded December 26, 1916.

The recorded owners of the defendant real property are Jose Gutierrez and Miriam Oropeza ("Oropeza").

2. A Verified Complaint for Forfeiture *In Rem* was filed on November 1, 2018. The complaint alleged that the defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

3. On November 16, 2018, the Clerk issued a Warrant for Arrest for the defendant Cadillac and defendant currency and that warrant was duly executed on November 21, 2018 (Approximately $3,000.00 in U.S. Currency) and November 30, 2018 (2015 Cadillac XTS). On November 26, 2018, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning November 10, 2018, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. The publication ran for at least 30 consecutive days. A Declaration of Publication was filed on December 10, 2018.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals or entities:

    a. Jose Gutierrez
    b. Miriam Oropeza
    c. Michael J. Meehan and Rebecca Meehan ("Meehan's")

6. On December 20, 2018, the Meehan's filed a claim and answer alleging a lien holder interest in the defendant property.

7. On March 29, 2019, Oropeza filed a claim and answer alleging an interest in the defendant property.

8. On August 13, 2019, the Clerk of the Court entered a Clerk's Certificate of Entry of

Default against Jose Gutierrez. Pursuant to Local Rule 540, the United States and Oropeza and the Meehan's thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interests, if any, of Jose Gutierrez without further notice.

9. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

11. Judgment is hereby entered against claimants Miriam Oropeza, Michael J. Meehan and Rebecca Meehan and all other potential claimants who have not filed claims in this action.

12. Upon entry of a Final Judgment of Forfeiture, Approximately $3,000.00 in U.S. Currency shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law. The 2015 Cadillac XTS Sedan shall be returned to Oropeza within sixty days of the entry of the Final Judgment of Forfeiture.

13. Upon entry of a Final Judgment of Forfeiture, claimant Oropeza shall have one hundred and fifty ("150") days to pay $110,000.00 to the United States in lieu of forfeiting the defendant real property—the substitute *res*. The substitute *res* shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7), to be disposed of according to law.

14. If claimant Oropeza is unable to pay the $110,000.00 to the United States within one hundred and fifty ("150") days the U.S. Marshals Service (or a designee) shall list the defendant property for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

15. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

16. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S.

Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

17. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

   a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.
   b. Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.
   c. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.
   d. The seller shall pay any county transfer taxes.
   e. To lienholders Michael J. Meehan and Rebecca Meehan - a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County at Book number 201707131111 on July 13, 2017, in the principal amount of $195,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by lienholders, up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance advances, tax advances, and property preservation costs on the defendant property.

18. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's lis pendens documents on November 2, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

19. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

20. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

21. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

22. The United States will receive the remaining net proceeds from the sale of the defendant property. All right, title, and interest in $110,000.00 of the remaining net proceeds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

23. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

24. The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

25. All parties are to bear their own costs and attorneys' fees.

26. The U.S. District Court for the Eastern District of California, Hon. Troy L. Nunley, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

27. Based upon the allegations set forth in the Complaint filed November 1, 2018, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, and for the commencement and prosecution of this forfeiture action.

SO ORDERED:

Dated: September 9, 2019

_____
Troy L. Nunley
United States District Judge